UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STATE FARM FIRE AND CASUALTY
COMPANY,

      Plaintiff,

v.                                    Case No: 2:15-cv-790-FtM-29MRM

KEN ROSS,

      Defendant.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on defendant's[1] Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #25) filed on August 26, 2016.   Plaintiff filed a Response and, in the Alternative, Motion to Substitute the Plaintiff Party In Interest (Doc. #28) on September 16, 2016.

**I.**

In the Second Amended Complaint (Doc. #20), State Farm Fire and Casualty Company (State Farm) seeks indemnity from Ken Ross (Ross).   State Farm issued an insurance policy to Ian Mise (Mise or insured) in Ontario, Canada.   Under the State Farm Personal Liability Umbrella Policy (Doc. #20-1), Mise is covered for

---

[1] Plaintiff refers to "Belair's Motion to Dismiss", however the defendant in this case and the filer of the motion is Ken Ross. (Doc. #28, p. 13.)

personal liability up to $1 million (CAD).  On February 22, 2013, an accident occurred in Lee County, Florida, resulting in Juan Amador-Sabio (Sabio)[2] filing suit against Mise for vicarious liability as the owner of the vehicle, and against Ross for negligence as the driver of the vehicle owned by Ian Mise.  At the time, Ross was insured by Belairdirect (Belair) under his own vehicle policy.

On October 25, 2013, State Farm attended mediation for both claims arising from the accident, and tendered $961,696.00 USD to Sabio on behalf of Mise for his vicarious liability.  Pursuant to a Memorandum of Settlement (Doc. #20-2), State Farm agreed to pay the policy limits, and another insurer agreed to pay an additional $288,304.00.  Belair did not contribute to the settlement, and the Memorandum of Settlement notes a continuing priority dispute between State Farm and Belair.[3]  This Memorandum of Settlement was

---

[2] Sabio is also identified as Manuel Adrian Amador Sabio in the attached Final Release of All Claims & Assignment (Doc. #2-2).

[3] A hand-written paragraph states as follows:

> There was a priority dispute [between] State Farm Fire & Casualty Company & Belair Insurance Company with respect to the payment by State Farm Fire & Casualty in this settlement.  State Farm Fire & Casualty Company is in no way waiving its right to file any action to resolve the dispute as to priority and which insurer was required to

signed by counsel for State Farm, and by counsel for both Mise and

Ross.

In the Second Amended Complaint, State Farm alleges that Ross

expressly agreed in the Memorandum of Settlement to preserve State

Farm's right to seek indemnity.  State Farm also alleges:

> 31. State Farm is also entitled to indemnity
> from Ken Ross, but solely seeks indemnity from
> Mr. Ross to the extent that it is available
> through Mr. Ross's insurer Belair.
>
> 32.  Because State Farm is solely seeking
> indemnity from Belair, Ken Ross suffers no
> prejudice from this indemnity claim.

(Doc. #20, p. 4.)  Belair is not named as a defendant, and State

Farm seeks judgment against Ross individually for $961,696.00 USD

as compensatory damages.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint

must contain a "short and plain statement of the claim showing

---

> make the settlement payment to the plaintiff
> pursuant to any contract of insurance.  State
> Farm can pursue any action or proceeding
> [illegible] for the amount paid to plaintiff
> by State Farm. . . . State Farm Fire & Casualty
> Company is without prejudice to pursue any
> unjust enrichment claim or other claim **against
> Belair Insurance Company**.

(Doc. #20-2, p. 1) (emphasis added).  State Farm states that it
is trying to obtain the original copy, or clarification from the
mediator as to the illegible portion.  (Doc. #28, p. 11 n.2.)

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
This obligation "requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will not
do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)
(citation omitted). To survive dismissal, the factual allegations
must be "plausible" and "must be enough to raise a right to relief
above the speculative level." Id. at 555. See also Edwards v.
Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires
"more than an unadorned, the-defendant-unlawfully-harmed-me
accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
(citations omitted).

### III.

The Court finds that the Second Amended Complaint fails to
state a claim against Ross as currently pled. State Farm refers
to defendant as both Belair and Ross[4] interchangeably, but Belair
is not a party to this suit. Only Ken Ross is named as a defendant
in the Second Amended Complaint. Allegations that indemnity is
sought against Belair does not state a claim against Ross. The

---

[4] State Farm references Ross as acting "through an attorney
appointed by Belair", and states that "State Farm seeks indemnity
solely from Belair and for the exact amount that is due under
Belair's policy, and also becuae [sic] Ken Ross has already
recognized State Farm's right to indemnity, Ken Ross will not be
prejudiced in any way by State Farm's indemnity claim." (Doc.
#28, pp. 11, 13.)

motion to dismiss will be granted to the extent that plaintiff will be permitted to amend as State Farm deems appropriate.

State Farm also seeks to substitute itself as the assignee of Mise, State Farm's insured, to the extent that the anti-subrogation rule may prevent State Farm from bringing a direct claim against Ross, the negligent party.  As the Court is permitting plaintiff the opportunity to amend, the motion will be denied as moot.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #25) is **GRANTED** and the Second Amended Complaint (Doc. #20) is **dismissed without prejudice** to filing a Third Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

2. Plaintiff's Motion to Substitute the Plaintiff Party In Interest (Doc. #28) is **DENIED as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this ___3rd___ day of February, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record