UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STATE FARM FIRE AND CASUALTY
COMPANY, individually and as
assignee of Ian Mise,

    Plaintiff,

v.                              Case No: 2:15-cv-790-FtM-29MRM

KEN ROSS,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. #34) filed on March 3, 2017. Plaintiff filed a Response and, in the Alternative, Motion to Substitute the Plaintiff Party In Interest (Doc. #35) on March 17, 2017.[1]

In the Third Amended Complaint, State Farm Fire and Casualty Company (State Farm), both individually and as assignee of the insured Ian Mise (Mise or insured), seeks indemnity from Ken Ross (Ross). Ross is alleged to be a citizen of Canada. (Doc. #33, ¶ 4.) On February 22, 2013, an accident occurred in Lee County,

---

[1] On February 3, 2017, the Court granted leave to amend and the opportunity for plaintiff to substitute itself as the assignee of Ian Mise. (Doc. #32.) The Third Amended Complaint adds that State Farm Fire and Casualty Company is now suing individually and as assignee of Ian Mise. Therefore, the alternative relief is moot.

Florida, resulting in Juan Amador-Sabio, also identified as Manuel Adrian Amador Sabio (Sabio), filing suit against Mise for vicarious liability as the owner of the vehicle, and against Ross for negligence as the driver of the vehicle owned by Ian Mise. State Farm settled Mise's vicarious liability for the negligence of Ross up to the Policy limit. State Farm seeks indemnity from Ross, both individually and as assignee of Ian Ross, in the amount of $961,696.00 USD as compensatory damages, representing the amount tendered at settlement in Florida.

State Farm issued the subject insurance policy to Mise in Ontario, Canada, and the policy is identified as an Ontario Automobile Policy. (Doc. #33, ¶ 8; Doc. #33-1, Exh. A.) The Policy includes personal liability umbrella coverage in the amount of $1 million in Canadian dollars. (Doc. #33, ¶ 9.) The Policy itself states that it was issued in the course of State Farm's insurance business in Canada for purposes of the Insurance Companies Act (Canada). (Doc. #33-1, Exh. A.)

Defendant argues that State Farm cannot state a claim against Ross because the attached Memorandum of Settlement and the Final Release of All Claims and Assignment so that the payment of the policy limit in the amount of $961,696.00 USD resulted in a release of all claims against both Ross and Mise. Ross further argues under Florida law that State Farm is precluded from suing Ross as

its own insured, that he did not waive the anti-subrogation rule, and that no exceptions apply. Defendant argues in passing that it is the law of Ontario, Canada that applies, and plaintiff suggests that the issue is beyond the scope of the motion to dismiss.

Florida follows the rule of *lex loci contractus*, such that the law of where the contract was executed governs rights and liabilities of the parties in determining insurance coverage. State Farm Mut. Auto. Ins. Co. v. Roach, 945 So. 2d 1160, 1163 (Fla. 2006). Factors no longer considered by Florida courts are the place where the contract was negotiated, the place of performance, the location of the subject matter of the contract, and the domicile or residence of the parties. Liberty Mut. Ins. Co. v. Festival Fun Parks, LLC, No. 12-62212-CIV, 2013 WL 4496511, at *2 (S.D. Fla. Aug. 22, 2013) (noting that the significant relationships test no longer applies) (citation omitted). Under a narrowly construed public policy exception, Florida law will control *only* when the State has a paramount public policy interest in the application of its own law, a Florida citizen needs protection, and the insured provided the insurer with reasonable notice of a permanent change of address "such that the insurance risk would thereafter be 'centered in Florida'." State Farm Mut. Auto. Ins. Co. v. Duckworth, 648 F.3d 1216, 1218 (11th Cir. 2011).

This exception does not appear to apply as all three prongs must be satisfied, id. (citing Roach at 1167), and they are not satisfied under the facts of this case.

As alleged in the Third Amended Complaint, the Policy was entered into with the insured in Canada, appears to have been delivered to an address in Canada, and it is identified as an Ontario Automobile Policy. Canadian law clearly governs, and contrary to plaintiff's position, the Court finds that the applicable law must be established before any dispositive motions can be considered. As defendant's arguments are based on the assumption that Florida law applies, the motion to dismiss will be denied.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. #34) is **DENIED**. Defendant shall file an answer and any defenses to the Third Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of August, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record